**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

PETER MANJARREZ,

    Plaintiff,

    v.                                                                 Case No. 2:17-cv-00300-JVB-JEM

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security Administration,

    Defendant.

**OPINION AND ORDER**

Plaintiff Peter Manjarrez seeks judicial review of the Social Security Commissioner's decision denying him disability benefits and asks this Court to remand the case. For the reasons below, this Court affirms the ALJ's decision.

**A.    Overview of the Case**

Plaintiff alleges that he became disabled on October 15, 2013. (R. at 17.) Claimant meets insurance requirements through December 31, 2018. (R. at 64.) Plaintiff worked as an equipment operator in a train yard until 2013, but was injured in August 2010 in a work-related accident. (R. at 39, 43.) Following the accident, Mr. Manjarrez was placed on light duty until his unemployment in October 2013 and required a double hip replacement as a result of injuries sustained in the accident. (R. at 44, 47.) After hearing Mr. Manjarrez's claim for disability on the basis of back problems, carpal tunnel syndrome, depression, and bipolar disorder, the Administrative Law Judge ("ALJ") found that Mr. Manjarrez suffered from worsening musculoskeletal issues which were aggravated by his obesity. (R. at 24.) The ALJ did, however,

1

find that a number of jobs existed which the plaintiff could perform. (R. at 26.) As a result, the ALJ denied the claimant's disability benefit request on May 3, 2016. (R. at 27.)

**B.      Standard of Review**

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

**C.      Disability Standard**

To determine eligibility for disability benefits under the Social Security Act, the ALJ will perform a five-step inquiry:

> "(1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy."

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012).

The burden of proof resides with the claimant for the first four steps, shifting to the Commissioner for determination of disability at step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D.     Analysis**

Plaintiff claims the ALJ committed four reversible errors: (1) the ALJ erred in posing a hypothetical to the vocational expert that did not include a complete and express description of plaintiff's restrictions in concentration, persistence, and pace (Pl.'s Br. at 1.); (2) the ALJ failed to consider the claimant's obesity as an aggravating factor in his musculoskeletal impairments; (Pl. Br. at 6.); (3) the ALJ did not accord proper weight to the treating physician's opinion (Pl.'s Br. at 9.); (4) the ALJ erred in evaluating the claimant's physical RFC because additional medical evidence was added to the record after the state agency medical consultants reviewed the claimant's medical history. (Pl.'s Br. at 5.). These complaints will be addressed in order.

*(1)  Concentration, persistence, and pace*

First, Plaintiff suggests that the ALJ erred in posing a hypothetical to the vocational expert that did not include a complete and express description of plaintiff's restrictions in concentration, persistence, and pace. (Pl.'s Br. at 1.) Plaintiff relies on *Moreno v. Berryhill*, 882 F.3d 722 (7th Cir. 2018) in asserting that the ALJ's failure to mention all of these restrictions constitutes reversible error. *Moreno*, however, also held that an ALJ is not required to directly state the claimant's limitation in the exact terms of "concentration, persistence and pace." 882 F.3d at 730. Instead, *Moreno* permitted the ALJ's to use an alternative phrasing where that alternative phrasing excluded the tasks that the claimant would not be able to perform. *Id* (stating that an ALJ's alternative phrasing which excludes the same tasks as a person with the claimant's limitation, that alternative phrasing has been permissible).

In the instant case, the ALJ specifically told the vocational expert that claimant would be

unable to maintain a production rate pace. (R. at 90.) This phrasing accommodates the restrictions on persistence and pace, but does not address the claimant's restriction on concentration. But, the ALJ described restrictions including simple, repetitive, and routine tasks (R. at 90.), which addresses restrictions on concentration. Taken collectively, these restrictions encompass both the limitations of concentration as well as the limitations of persistence and pace required under *Moreno*. *See* 882 F.3d at 730 (permitting an ALJ to omit the express terms of "concentration, persistence and pace" where it is manifest that an alternative phrasing also encompasses the claimant's limitations). This satisfies the "alternative phrasing" envisioned under *Moreno* by encompassing the claimant's restrictions on all three factors of concentration, persistence, and pace. *Id.*

### *(2) Obesity as an aggravating factor*

Second, the Plaintiff asserts that the ALJ did not properly consider the claimant's obesity as an aggravating factor on Plaintiff's musculoskeletal impairments. (Pl.'s Br. at 6.) Obesity must be considered as an aggravating factor relative to the claimant's other ailments. *Gentle v. Barnhart*, 430 F.3d 865, 868 (7th Cir. 2005). When obesity is not considered in combination with the claimant's other ailments, the ALJ commits a reversible error.

Plaintiff claims that the ALJ did not consider the claimant's obesity, but this is simply not true: the ALJ specifically remarks on the claimant's obesity as it affects both his breathing and gait. (R. at 22.) The ALJ also considered the "claimant's unhealthy body habitus" (referencing the obesity of the claimant) relative to the claimant's musculoskeletal problems. It is not enough to simply state that obesity was considered, the ALJ must also perform some analysis of the impact that the obesity had on the claimant's statuts. The ALJ noted that, despite the aggravating

factor of obesity, the claimant still walks with a normal gait. The ALJ further noted that the potential aggravating factor of obesity on the claimant's breathing led him to include additional environmental restrictions to accommodate this aggravating factor. In all, the ALJ's remarks indicate that he considered the claimant's obesity as an aggravating factor on claimant's overall RFC. *Id.*

### *(3) According proper weight to treating physician*

Third, the Plaintiff asserts that the ALJ did not accord proper weight to the treating physician's opinion. (Pl.'s Br. at 9.) A treating physician's opinion is to be given controlling weight because of the length and nature of the relationship unless the ALJ provides good reasons for setting aside that opinion. *Brown v. Colvin*, 845 F.3d 247, 252 (7th Cir. 2016). It is undisputed that in the instant case, the ALJ afforded little weight to the opinions of the treating physicians. (R. at 24.) Therefore, the ALJ must supply a reason for setting aside those opinions. A treating physician's opinion may be set aside where it is inconsistent with the record. *See* 845 F.3d at 252 (describing when the Treating Physician Rule is properly applied).

Here, the ALJ afforded little weight to the treating physicians because their disability findings lacked support in the record. (R. at 24.) The ALJ describes the evidence of normal gait and full grip strength supplied elsewhere in the record as sharp contrast to Dr. Chughtai's descriptions of a need for a cane and an inability by claimant to use his hands more than five percent of the time. *Id.* Where there is a sharp contrast between the record and the opinion of the treating physician, such as demonstrated here, the ALJ is permitted to afford greater weight to a non-treating source. *See* 845 F.3d at 252 (allowing a treating physician's opinion to be set aside where that opinion is inconsistent with the record). As a result, the ALJ's decision to supplant the

treating physician's opinion with the opinion of the agency physician is permissible.

### *(4) Additional medical evidence not submitted to state medical consultants*

Finally, the Plaintiff makes a number of claims related to new medical evidence that became available after the evaluation by the state medical examiners was performed. (Pl.'s Br. at 5.) Here, Plaintiff's contentions are that the ALJ committed reversible error either (1) because the ALJ failed to submit the additional medical findings to the state medical examiners or (2) because the ALJ improperly took the role of a physician in evaluating the new medical evidence. *Id.* Plaintiff's theory is that, if the ALJ relied on the opinion of the state medical examiner, that opinion was incomplete due to the additional medical evidence which became available later. Plaintiff contends in the alternative, that if the additional medical evidence was considered, it was only considered by the ALJ himself by taking the role of a physician, also a reversible error. This argument suggests that either an ALJ must submit every new medical finding to the original medical examiner or automatically be found to be impermissibly taking on the role of a physician. This is not necessarily true. An ALJ's decision will be supported despite the availability of additional medical findings under two circumstances which are both present here: (1) other medical opinions which considered the new evidence were available and used by the ALJ, and (2) plaintiff merely listed findings without giving the ALJ a reason why those findings would affect the disability determination. *See Johnson v. Colvin*, 2015 WL 5032267, *6 (S.D. Ind. 2015) (stating that remand is inappropriate where the claimant has not demonstrated that a different result might be achieved).

*(a) New evidence was medically considered*

Two key considerations in determining the plaintiff's RFC were the ability to grip and walk. Despite Plaintiff's contention that new medical findings were not made available to the state medical examiners, which is true, both the ability to grip and the ability to walk were subject to medical review after the new medical findings were made. It is upon those new medical findings that the ALJ reasonably relied.

The ALJ considered the claimant's ability to walk in light of the new medical findings. Specifically, Dr. Shepherd described the claimant's normal gait on September 9, 2015, after the medical findings at the heart of the Plaintiff's contention were made. (R. at 782.) The ALJ then references the claimant's continued normal gait in his finding. (R. at 24.) Next, the ALJ considered the claimant's grip and other key physical attributes. In doing so, the ALJ acknowledged that, while the evidence showed the claimant's condition was worsening, the claimant continued to exhibit reasonable strength and sensation in his foot, the most exhaustive testing of the claimant's hands found good grip and dexterity, and that the claimant's hip replacements were still well-positioned. (R. at 22.).

Thus, while the ALJ did not submit the new medical evidence for use by the state examiners, he did rely on physician's examinations that were carried out after the new medical evidence was available. In other words, the ALJ did not improperly assume the role of the physician in evaluating the impact of those new medical findings.

*(b) Claimant did not demonstrate that new medical evidence affects disability finding.*

Second, plaintiff cites a list of new medical findings, but fails to show that any of these

impact his disability determination. (Pl.'s Br. 5.) "Courts will not remand a claim to the Commissioner without a showing that it might lead to a different result." *Johnson*, 2015 WL 5032267 at *6. Therefore, the plaintiff must show that a new medical finding might impact the disability status of the claimant. Where the plaintiff simply cites a list of new medical findings without explaining how those findings may impact the claimant's disability determination, this is an insufficient basis for remand. *Id.*

Further, the ALJ does not need to go through a checklist of every symptom and ailment suffered by the claimant and then define a response to each ailment individually. *Sims v. Barnhart*, 309 F.3d 424, 429 (7th Cir. 2002). Instead, the ALJ is required to consider the total health of the claimant and determine if he's disabled in a way that allows a reviewing court to trace the line of the ALJ's reasoning. *Diaz v. Chater*, 55 F.3d 300, 307–308 (7th Cir. 1995) (describing the logical bridge required between the ALJ's finding and the evidence presented in the record). It logically follows that the ALJ is not required to describe how this list of new medical findings is evaluated on an ailment-by-ailment basis. Instead, the ALJ may consider new medical findings by describing the effects those findings have on the claimant's physical RFC where those effects are described by a physician.

Because plaintiff merely lists new medical findings without explaining how those findings might impact the disability determination, and the ALJ has reasonably relied upon physicians' opinions regarding the impact of this new medical evidence on the claimant's key physical abilities, failure to submit these new medical findings to the state medical examiners is an insufficient basis for remand.

**E.    Conclusion**

The ALJ properly posed the claimant's condition to the vocational expert, correctly established supporting reasons to afford greater weight to the non-treating physician's opinion, and delineated a logical bridge between the ALJ's reasoning and the decision to retain the RFC findings of the agency physicians despite the claimant developing additional medical ailments post-evaluation. For these reasons, the Court affirms the ALJ's decision.

SO ORDERED on November 30, 2018.

 S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE